**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John W. Scott, | ) | **CASE NO.  1:03-cv-102** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Gordon Lane, Warden | ) | <u>**Memorandum of Opinion and Order**</u> |
| | ) | |
| Respondent. | ) | |

<u>**INTRODUCTION**</u>

Petitioner John Scott commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Scott is incarcerated at the North Central Correctional Institution as a result of a jury verdict of guilty for sexual battery in the Richland County Court of Common Pleas.  This matter has been fully briefed and the Magistrate Judge issued a Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied as untimely.  Scott has filed Objections to the Report and Recommendation.  Adopting the Report and Recommendation in part, the petition is DISMISSED as untimely.

<u>**FACTS**</u>

While on probation for another offense, Petitioner came under suspicion for sexually assaulting his adolescent daughter.  His probation officer called him to her office, at which time

he was confronted by a police officer.  The police officer proceeded to discuss the allegations with Petitioner.  After Petitioner made some incriminating admissions, the officer read Petitioner his Miranda rights and conducted a recorded interview.  Petitioner did not state his desire to speak to an attorney.

At trial Petitioner moved to suppress his statement to the officer.  That motion was denied by the magistrate and the case proceeded to trial in the Richland County Court of Common Pleas, where he was convicted of five counts of sexual assault with a prior felony of violence specification and sentenced to 3 to 10 years for each offense.  Petitioner appealed to the Fifth District Court of Appeals, raising one assignment of error:

> 1.  Appellant was deprived of his constitutional and statutory rights to due process of law and a fair trial where the magistrate lacked authority to determine the motion to suppress prior to trial.

This assignment of error was overruled as a result of Petitioner's attorney's failure to submit the trial court materials to the court of appeals.  Petitioner did not seek review from the Ohio Supreme Court by April 21, 1997, ending his direct appeal.  Petitioner filed an application to reopen his direct appeal on September 23, 1998.  That application was denied on October 19, 1998.  A motion to amend the application to reopen was filed on April 15, 1999 and denied on May 3, 1999.

At the same time, the State and Petitioner were also disputing his sentence.  The State classified Petitioner as a sex offender under its Megan's Law, which was passed after Petitioner's conviction.  Petitioner returned to the trial court to challenge this addition to his sentence.  The trial court found the sex offender classification unconstitutional as applied to Petitioner.  The State appealed this decision and the Fifth District Court of Appeals reversed the

2

trial court.  Petitioner did not appeal that decision and it became final on April 8, 1999.

Petitioner filed a second application to reopen his appeal on August 10, 2000.  The

application was granted and the court of appeals considered the following assignments of error:

> I.    The trial court committed prejudicial error by allowing
>       Defendant/Appellant's statement into evidence in violation of the Fifth
>       and Sixth Amendments to the United States Constitution.
>
> II.   It was plain error for a magistrate to hear and decide
>       Defendant/Appellant's Motion to Suppress.
>
> III.  Defendant/Appellant was denied effective assistance of counsel by failing
>       to object to the magistrate's lack of authority and to file objections to the
>       magistrate's order.

The appellate court considered and rejected all three of the assignments of error in a

written opinion.  *State v. Scott*, 765 N.E.2d 930 (Ohio. App. 5th Dist. 2001).  The Ohio Supreme

Court denied Petitioner's request for review on January 16, 2002.  Petitioner did not appeal that

decision to the United States Supreme Court by April 16, 2002.  Plaintiff did, however, file this

Petition for Writ of Habeas Corpus on January 16, 2003.

The Report and Recommendation recommends that the petition be dismissed for

untimeliness pursuant to 28 U.S.C. § 2244(d).  The limitations clock started when Petitioner's

appeal of his sentence was final on April 8, 1999.  The Petition was not filed until January 16,

2003, well beyond the one year period for filing.  Although an application to reopen tolls the

limitations period, it could not do so here because it was filed four months after the limitations

period had expired.[1]  The Report and Recommendation also rejected Petitioner's argument that

---

[1]    The Magistrate declined to deduct the period during which the
       motion to amend the application to reopen was pending—April 15,
       1999 through May 3, 1999—because that motion was not
       "properly filed."  In any event, this 18 day period does not make

his failure to file within the limitations period was excused by an "impediment to filing an application created by State action in violation of the Constitution . . . ."  28 U.S.C. § 2244(d)(1)(B).

**STANDARD OF REVIEW**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

> The judge must determine *de novo* any proposed finding or recommendation to which objection is made.  The judge may accept, reject, or modify any proposed finding or recommendation.

When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.  *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

**DISCUSSION**

Petitioner has not objected to the Magistrate Judge's conclusions regarding the start of the limitations period under 28 U.S.C. § 2244(d)(1)(A), the fact that this limitations period would have passed prior to the filing of his second application to reopen, equitable tolling[2] or actual innocence.  Not finding clear error on the face of the record, the Court accepts and adopts

---

up for the four months Petitioner waited beyond the expiration of the habeas limitations period to file his second application to reopen.

[2]    Petitioner did not actually make an equitable tolling argument.  Rather, it appears that Respondent mistakenly read Petitioner's Section 2244(d)(1)(B) argument as pertaining to equitable tolling.  Petitioner's only excuse for his delay in filing is the fact that he was pro se.  This clearly is not an adequate basis to find equitable tolling.  The Court thus adopts the Report and Recommendation as it pertains to equitable tolling.

4

those portions of the Report and Recommendation.  Petitioner's only objection is that the

limitations period did not start until April 16, 2002 due to an "impediment to filing" under 28

U.S.C. § 2244(d)(1)(B).  28 U.S.C. § 2244 provides in relevant part as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action[.]

28 U.S.C. § 2244(d)(1).

Petitioner does not dispute that he failed to file his petition within a year of the date on

which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review.  Instead he argues that the State of Ohio created an impediment to his

timely filing of the application by its failure to provide effective appellate counsel on direct

review.  According to Petitioner, this impediment prevented him from filing a timely habeas

petition.  Because his assignments of error were found to be procedurally defaulted in State

court, they could not be considered in a habeas petition.  The impediment (the procedural

default) was not removed until his appeal was reopened pursuant to Ohio Appellate Rule 26(B).[3]

---

[3]     Ohio Appellate Rule 26(B) provides an avenue to challenge the
effectiveness of appellate counsel.  An application must be filed
"in the court of appeals where the appeal was decided within
ninety days from journalization of the appellate judgment unless
the applicant shows good cause for filing at a later time."  Ohio
App. R. 26(B)(1).  If the applicant makes a colorable showing of
ineffective assistance of appellate counsel, the court of appeals will
consider the assignments of error as if raised on an initial appeal.

5

Petitioner's argument is without merit.  It is, of course, true that a procedural default in state court generally precludes federal habeas review.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2005).  However, ineffective assistance of appellate counsel on direct appeal excuses the procedural default.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Franklin*, 434 F.3d at 418.  Thus, the unconstitutional act of providing ineffective counsel on direct appeal cannot, by itself, be an impediment that prevents Petitioner from filing a timely habeas petition addressing the merits of his claims.  Rather, Petitioner must demonstrate that he was prevented from filing the actual habeas petition within the time set out in 28 U.S.C. § 2244(d)(1)(A).

Petitioner has wholly failed in this regard.  Besides pointing out that he acted pro se, Petitioner has provided no explanation as to how the State of Ohio prevented him from filing a habeas petition or an application to reopen[4] within the limitations period.  There is no right to counsel in filing a habeas petition.  *McCleskey v. Zant*, 499 U.S. 467, 495 (1987); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).  Nor is there a right to counsel on an application to reopen.  *Lopez v. Wilson*, 426 F.3d 339, 353 (2005); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction

---

Ohio App. R. 26(B)(7).  An application to reopen is considered a form of collateral review.  *Morgan v. Eads*, 818 N.E.2d 1157, 1162 (Ohio 2004).  Thus, there is no right to counsel in filing an application to reopen, *Lopez v. Wilson*, 426 F.3d 339, 354 (2005), and such an application does not restart the limitations period under 28 U.S.C. § 2244(d)(1)(A), although it can toll the limitations period if filed in a timely manner.  *Bronaugh v. State of Ohio*, 235 F.3d 280, 286 (6th Cir. 2000).

[4]   The application to reopen would toll the limitations period while it was pending.  *Bronaugh*, 235 F.3d at 286.

6

proceedings.").  Accordingly, there can be no constitutional violation under 28 U.S.C. § 2244(d)(1)(B) for failing to provide counsel to prosecute such collateral proceedings.

Furthermore, the Court declines to issue a certificate of appealability.  A certificate of appealability only issues as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

Here, Petitioner's claim is being dismissed due to procedural default, namely, the Petitioner's failure to comply with the applicable statute of limitations.  In such a case, a certificate of appealability should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis supplied).

For the reasons stated above, the Court concludes that jurists of reason would not find it debatable that Petitioner's claims are barred by the statute of limitations.  Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED as untimely pursuant to 28 U.S.C.

§ 2244(d).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:  3/29/06

8